**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

---

| | |
|---|---|
| **KESSA MAURAS** and **NICOLE ZAHN,** **Plaintiffs,** v. **VASCULAR AND VEIN INSTITUTE OF THE SOUTH, PLLC,** **Defendant.** | **Case No. 2:24-cv-02761 MSN/atc** **JURY DEMAND** |

---

**JOINT MOTION TO CONTINUE TRIAL AND PRETRIAL DEADLINES AND INCORPORATED MEMORANDUM IN SUPPORT**

---

Plaintiffs Kessa Mauras and Nicole Zahn ("Plaintiffs") and Defendant Vascular and Vein Instituted of the South, PLLC ("Defendant") (collectively referred to as the "Parties") jointly move the Court, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.5, to enter an Order continuing the trial date and related pre-trial deadlines pending an order on the motion for summary judgment filed by Defendant. In support of this Joint Motion to Continue Trial and Pretrial Deadlines ("Motion"), the Parties state as follows:

1. The Court's Amended Scheduling Order (ECF No. 54) and the Notice of Setting (ECF No. 53) in this case set forth the following schedule:

   a. September 28, 2026: Deadline to serve pretrial disclosures.

   b. October 5, 2026: Deadline to file motions in limine.

   c. October 9, 2026: Deadline to file joint proposed pretrial order.

   d. October 12, 2026: Deadline to file agreed proposed jury instructions, agreed proposed verdict form, and special question for voir dire examination.

e. October 16, 2026: Pretrial Conference

f. October 26, 2026: Jury Trial Begins

2. Rule 16(b)(4) authorizes the modification of scheduling orders for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4); *see also* Local Rule 16.5 (allowing for the continuance of trials "upon a showing of good cause."). The Scheduling Order similarly states that the deadlines may be modified or extended based on good cause. (ECF No. 54). Here, as discussed in more detail below, good cause exists, and a continuance is warranted for the limited purpose of expanding the timeframe in which the Court has to rule on Defendant's pending motion for summary judgment, thereby preventing the Parties from having to prepare for trial and comply with the Court's pre-trial filing deadlines while the motion for summary judgment is still pending.

3. "Whether to grant a motion to continue is within the broad discretion of the Court." *Brown v. Bd. of Educ. of Shelby Cnty. Sch.*, No. 13-2586, 2014 WL 12887371, at *1 (W.D. Tenn. Dec. 4, 2014). Further, courts have discretion "to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (citations and internal quotation marks omitted).

4. Defendant filed a motion for summary judgment on July 1, 2026, in accordance with the dispositive motion deadline in the Court's Amended Scheduling Order (ECF Nos. 54, 57). Defendant's motion for summary judgment was fully briefed as of August 26, 2026, and is ripe for the Court's consideration. A ruling on Defendant's pending motion for summary judgment, in whole or in part, may impact the necessity of the current trial setting or significantly narrow the factual and legal issues to be tried. Proceeding with imminent pretrial deadlines while a dispositive

motion remains pending would risk the expenditure of substantial resources on claims that may be resolved as a matter of law.

5. With trial approximately one month away and pretrial deadlines imminent, the Parties face the practical challenge of completing witness preparation, exhibit designations, motions in limine, proposed jury instructions, and other trial-related submissions at a time when the fully briefed summary judgment motion may yet reshape the scope of the claims to be tried. A brief continuance would allow the Parties to focus their preparation on the claims and issues that will actually proceed to trial, rather than expending resources on matters that may be narrowed or resolved as a matter of law. The Parties have acted diligently in both prosecuting and defending this action. Discovery is complete, Defendant timely filed its motion for summary judgment, and the Parties completed briefing in a timely fashion. This is of significance as the "primary measure of the good cause standard is the moving party's diligence in attempting to meet the case management requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). The requested continuance does not arise from any failure to comply with the Court's Amended Scheduling Order.

6. Both Parties agree with the relief sought in this Motion. Another relevant consideration in determining whether good cause exists is the possible prejudice the modification will have on the party opposing the modification. *See Inge*, 281 F.3d 62. Here, no party opposes the requested continuance of the trial or pretrial deadlines, as evidenced by the joint nature of this Motion. As such, granting a continuance will not prejudice any party to this action and will not inconvenience the Court. To the contrary, it will allow the Court time to resolve Defendant's dispositive motion, which could dispose of the case in its entirety and obviate the need for trial.

7. By requesting this continuance, the Parties do not seek delay or a tactical advantage, as the joint nature of this filing confirms. Federal Rule of Civil Procedure 16(b)(4) affords the Court discretion to manage its docket and modify the schedule upon good cause and with the Court's consent. The limited relief requested is proportional to the circumstances and will promote, rather than impede, the efficient resolution of this action.

**WHEREFORE,** the Parties jointly request that the Court continue the trial date and related pretrial deadlines addressed herein pending the Court's ruling on Defendant's motion for summary judgment.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Jonathan C. Hancock*
Jonathan C. Hancock (TN Bar. No 18018)
D. Morgan Murphy (TN Bar No. 39364)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
jhancock@bakerdonelson.com
mmurphy@bakerdonelson.com
(901) 526-2000 – telephone
(901) 577-2303 – facsimile

*Attorneys for Defendant*

*—and—*

***THE EMPLOYMENT & COMMERCE LAW GROUP***

*s/ Jonathan Street*
***JONATHAN STREET, BPR No. 021712***
*1625 Broadway, Suite 601*
*Nashville, TN 37203*
*(615) 850-0632*
*street@eclaw.com*

*zach@eclaw.com*

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September 2026, a copy of the foregoing was served upon the following:

Jonathan Street
THE EMPLOYMENT & CONSUMER LAW GROUP
1625 Broadway, Suite 601
Nashville, Tennessee 37203
(615) 850-0632
street@eclaw.com

*s/ Jonathan C. Hancock*
Jonathan C. Hancock